### ANDREW MEXAL *vs.* JOHN B. DEARBORN.

A bailee of chattels who, while he has a lien on them, buys them from the general owner,
by a contract valid between the parties but void as against the seller's creditors, cannot,
after they have been taken possession of by the messenger of the court of insolvency in
proceedings against the seller, set up his lien in a suit against the messenger, if at the
time of their being taken he claimed them only as purchaser, and gave the messenger no
notice of his lien, and made no demand for the amount of his lien.

ACTION OF TORT for taking a quantity of calf skins. The
declaration in one count alleged title in the plaintiff; and in
another a lien for work done upon them by the plaintiff as a
currier. Answer, that the goods belonged to William Jameson,
and were taken possession of under a warrant issued in pro-
ceedings in insolvency against Jameson, directed to the defend-
ant as messenger.

At the trial in the superior court of Suffolk at September
term 1857, the plaintiff offered evidence that the calf skins
were left with him by Jameson to be curried; and that when the
work was partially done, Jameson sold them to him in payment
of a debt due him, a part of which was for the work done on
these skins and gave a bill of sale thereof to the plaintiff, in
whose possession they then were.

It appeared that proceedings in insolvency were duly com-
menced against Jameson soon after this sale ; and a warrant
issued to the defendant as messenger, on which he took the
skins. The defendant offered evidence that the sale to the
plaintiff was fraudulent and void as against Jameson's cred-
itors.

The plaintiff claimed to recover the whole value of the skins,
on the ground that the sale was not fraudulent; and also to
recover, on the second count, the amount of work performed on
the skins, on the ground that he had a subsisting lien on them
therefor.

*Abbott,* J. ruled, " that if the plaintiff bought the skins of Jame-
son, taking a bill of sale of them, together with the possession,
and this purchase was good as between the parties, then if the
jury were satisfied that the sale was fraudulent as against the
creditors of Jameson, and that when the defendant took them the
plaintiff claimed under said bill of sale to him, and not on the
ground of having a lien on them, and had so continued in his
claim till the commencement of this action, never demanding
the amount of his lien of the defendant, or notifying him that he
claimed any, but persisting in his claim under the sale to him,
the plaintiff would not be entitled to recover on the second count
the amount of his lien." The jury returned a verdict for the
defendant, and the plaintiff alleged exceptions.

*F. J. Butler,* for the plaintiff.

*P. Willard,* for the defendant, cited *Boardman* v. *Sill,* 1
Campb. 410 ; *Legg* v. *Willard,* 17 Pick. 140; *Dows* v. *More-
wood,* 10 Barb. 183 ; *Everett* v. *Saltus,* 15 Wend. 474 ; *Piquet*
v. *M'Kay,* 2 Blackf. 465.

MERRICK, J. By purchasing the calf skins, which had been
put into his possession to be curried, and by taking a bill of sale
thereof, and afterwards, to the time of the commencement of
this action, claiming them solely under that title, without having
given notice of any other to the defendant when he took them
away in discharge of his duty as messenger under the proceed-
ings in insolvency against the vendor, the plaintiff lost or waived
the lien which he had previously acquired. A good and suffi-

cient consideration was paid for the transfer of the property, and as between the parties to the contract the sale was absolute and complete. The ownership thus obtained was entirely inconsistent with the existence of the previous lien. A lien is an incumbrance upon property, a claim upon it which may be maintained against the general owner. But there is no foundation upon which he who owns the whole can create a special right in his own favor to a part. The inferior or partial title to a chattel necessarily merges in that which is absolute and unconditional, when both are united and held by the same individual. This is a general consequence. But in the present instance, it is obvious that the parties extinguished, and intended to extinguish, the lien which had been previously created upon the calf skins; for the value of the work and labor which had previously been bestowed upon them by the vendor was by their express agreement made part of the consideration of the sale. After such a transaction the rights of the parties were wholly changed. The vendor could no longer assert any claim to the property, and the workman had none against his employer. His debt had been paid, the property had become his own, and a lien upon it in his own favor thereby rendered both needless and impossible.

But the result is the same if the facts upon which the ruling excepted to in the superior court was made are considered in another aspect. The law will not allow a party to insist upon and enforce in his own behalf a secret lien upon personal property after he has claimed it unconditionally as his own, and has thereby induced another to act in relation to it, in some manner affecting his own interest, as he would, or might, not have done if he had been openly and fairly notified of the additional ground of claim. It would be fraudulent in him to practise such concealment to the injury of others; and to prevent the possibility of attempts so unjust becoming successful, the law implies that an intended concealment of that kind is of itself a waiver of the lien. The authorities cited by the counsel for the defendant, not less than its intrinsic reasonableness, fully warrant the ruling to which the plaintiff objected.          *Exceptions overruled.*